## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **DALE SHEPARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 5:08-CV-0906-SLB** |
| | ) | |
| **UNITED PARCEL SERVICE, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

This case is presently before the court on plaintiff's Motion to Compel Discovery, to Require the Defendant to Conduct a Due Diligence Search for Documents, to Allow the Plaintiff to Re-depose Witnesses, to Extend the Discovery Deadline for Plaintiff, to Extend the Deadline for Plaintiff to Supplement Disclosures, and to Award Costs and Sanctions Against Defendant, (doc. 170); plaintiff's Supplemental Motion to Compel Discovery, (doc. 19); defendant's Motion for Extension of Dispositive Motion Deadline, (doc. 21), and defendant's Motion to Seal Confidential Documents Filed as Exhibits to Plaintiff's Motion to Compel Discovery, (doc. 22).

For the reasons set forth below, the court **ORDERS** as follows:

1.  Plaintiff's Motion to Compel, (doc. 17),  is **GRANTED IN PART** and **DENIED IN PART**.

2.  Plaintiff's Supplemental Motion to Compel, (doc. 19), is **GRANTED IN PART** and **DENIED IN PART**.

3.  Plaintiff's Motion to Require Defendant to Conduct a Due Diligence Search of Documents, (doc. 17), is **DENIED**.

4.  Plaintiff's Motion to Allow Plaintiff to Re-depose Witnesses, (doc. 17), and Motion to Continue Deposition of Burnette, (doc. 19), are **GRANTED**.

5.   Plaintiff's Motion to Extend Deadline for Discovery and to Supplement Disclosures, (doc. 17), and defendant's Motion for Extension of Dispositive Motion Deadline, (doc. 21), are **GRANTED**.  This order governs further proceedings in this action unless modified for good cause shown:

a.  **Discovery:**  All discovery is to be commenced in time to be completed by **June 18, 2010**.

b.  Plaintiff may take a maximum of __**15**__ depositions.  Each deposition is limited to a maximum of **7** hours unless extended by agreement of the parties or order of the court.

c.  **Supplementations of disclosures and discovery under Rule 26(e) are due**:  within **30** days after counsel knows of the need to supplement, but in any event, all initial disclosures and responses to discovery requests must be fully updated by **June 4, 2010**.

d.  **Dispositive Motions:**  All potentially dispositive motions should be filed by **July 19, 2010**.  Exhibit A, attached to document 10, sets forth the briefing requirements of summary judgment motions for both parties.  The

2

court will not issue a briefing schedule order upon submission of a dispositive

motion.  The parties are expected to follow the directions set forth in Exhibit

A, as well as document 10, regarding their submissions.

      e.  This case is **SET** for trial at **9:00 a.m.** on <u>**October 12, 2010**</u>.

6.  Plaintiff's Motion for Costs and Sanctions, (doc. 17), is **DENIED**.

7.  Defendant's Motion to Seal Confidential Documents, (doc. 22), is **GRANTED**.

The Clerk of the Court is **INSTRUCTED** to seal plaintiff's Exhibits 13-17, (doc. 17) , and

Exhibits 18-22, (doc. 19).

## <u>DISCUSSION</u>

### A.  PLAINTIFF'S MOTION TO COMPEL DISCOVERY (Doc. 17.)

"Under the Federal Rules of Civil Procedure, discovery is limited to 'matter[s], not

privileged, that [are] relevant to the claim or defense of any party.'  Fed. R. Civ. P. 26(b)(1).

'Relevant information need not be admissible at the trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence.'"  *Adkins v. Christie*, 488 F.3d

1324, 1330 (11th Cir. 2007).  By requiring relevance to a claim or defense, the rule "signals

to the court that it has the authority to confine discovery to the claims and defenses asserted

in the pleadings, and signals to the parties that they have no entitlement to discovery to

develop new claims or defenses that are not already identified in the pleadings."  Fed. R. Civ.

P. 26, GAP Report of Advisory Committee to 2000 Amendments.  Nevertheless, "Relevance

under Rule 26 is 'construed broadly to encompass any matter that bears on, or that reasonably

could lead to another matter that could bear on any issue that is or may be in the case."

*Disimone v. Atlas Service, Inc.*, No. 09-80604-CIV, 2009 WL 5166262, *1 (S.D. Fla. Dec. 29, 2009)(quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978))

>    The Eleventh Circuit has held:
>
> We note that although district courts have broad discretion in fashioning discovery rulings, they are bound to adhere "to the liberal spirit of the [Federal] Rules." *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 305 (5th Cir.1973). The Federal Rules do not give district courts "blanket authorization . . . to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on discovery in order to prevent injury, harassment, or abuse of the court's processes." *Williams v. City of Dothan, Ala.*, 745 F.2d 1406, 1416 (11th Cir. 1984)(quoting *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 944-45 (2d Cir. 1983)).

*Adkins*, 488 F.3d at 1331. "[D]iscovery in discrimination cases should not be narrowly circumscribed." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995)(citing *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343-44 (10th Cir. 1975)); *see Marshall v. Westinghouse Electric Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)[1]("A plaintiff who must shoulder the burden of proving that the reasons given for his discharge are pretextual should not normally be denied the information necessary to establish that claim."), *quoted in Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *see also Burns v. Thiokol Chemical Corporation*, 483 F.2d 300, 304-05 (5th Cir. 1973).

---

[1]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

"[L]iberal civil discovery rules give plaintiffs broad access to employers' records in an effort to document their claims."  *Wards Cove Packing Co., Inc. v. Atonio*, 490 U.S. 642, 657 (1989), *superseded by statute on other grounds*.

### 1.  Request for Production No. 3.

Plaintiff's Request for Production number 3 asks defendant to produce, "Any and all documents that describe policies, practices, procedures, rules or criteria regarding ADA and race discrimination, implemented or relied on by the Defendant during Plaintiff's employment."  (Doc. 17, Ex. 2 at 9.)  Defendant "object[ed] to this request on grounds that it is overly broad and vague;" however, defendant agreed to produce its "Policy Book and the applicable collective bargaining agreement between [defendant] and the International Brotherhood of Teamsters."  (*Id*.)

> Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery. Moreover, such non-specific objections operate to render the producing party the final arbiter of whether it has complied with its discovery obligations under Rule 26 because the requesting party lacks sufficient information to understand either the scope of the objection, or to frame any argument as to why that objection is unfounded.

*Carnes v. Crete Carrier Corp.*, 244 F.R.D. 694, 698 (N.D. Ga. 2007)(quoting *U.S. Commodity Futures Trading Comm'n v. Am. Derivatives Corp.*, No. 1:05-CV-2492, 2007 WL 1020838, at *3 (N.D. Ga. Mar. 30, 2007)); *see also Bank of Mongolia v. M & P Global Financial Services, Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009)("Objections that state that a discovery request is 'vague, overly broad, or unduly burdensome' are, standing alone,

meaningless and fail to comply with . . . Rule 34's requirement that objections contain a statement of reasons. . . . A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome.")(internal citation omitted); Fed. R. Civ. P. 34(b)(2)(B)("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.").

Defendant's objection to Request No. 3 are not legitimate objections to this request. Plaintiff's request for **documents** setting out "policies, practices, procedures, rules or criteria regarding ADA and race discrimination . . . during Plaintiff's employment" is not an overly broad or vague request.

Plaintiff's Motion to Compel defendant's response to Request for Production No. 3 is **GRANTED**. Defendant shall produce any responsive documents not previously produced on or before **APRIL 15, 2010**. To the extent it has previously produced responsive documents, defendant shall so inform plaintiff, in writing, with specific reference to the Bates numbers of the responsive documents.

**2. Request for Production No. 10.**

Plaintiff's Request for Production number 10 asks defendant to produce, "Any and all employee handbooks, manuals or policies which have been in effect during Plaintiff's employment." (Doc. 17, Ex. 2 at 11.) Defendant "object[ed] to this request on grounds that it [is] vague, overly broad, is not reasonably calculated to lead to the discovery of admissible

6

evidence, and seeks information that is not relevant information to the issues in this lawsuit."
 (*Id.*)  Defendant referred plaintiff to its Response to his Request for Production number 3.

Defendant's conclusory objections, without specific information regarding how the request is vague, overly broad, and/or not reasonably calculated to lead to admissible evidence, are insufficient.  The Request is not vague and it certainly could lead to the discovery of admissible evidence.  Nevertheless, the court finds that "all employee handbooks, manuals, and policies" on any subject for the entire company is overly broad as it includes issues, places, and people with no legitimate connection to plaintiff's claims or defendant's defenses.  Therefore, the court will limit defendant's response to plaintiff's employment region and for the five years preceding his termination.

Plaintiff's Motion to Compel defendant's response to Request for Production No. 10 is **GRANTED IN PART** and **DENIED IN PART**.  Defendant shall produce "any and all employee handbooks, manuals or policies in effect from September 1, 2001 through May 23, 2008, for the region including the Roebuck Center on or before **APRIL 15, 2010**.  To the extent it has previously produced responsive documents, defendant shall so inform plaintiff, in writing, with specific reference to the Bates numbers of the responsive documents.

### 3.  Request for Production No. 15.

This request is for "[t]he personnel file of Gary Jones, and any and all documents regarding his employment with Defendant."  (Doc. 17, Ex. 2 at 12.)  Jones testified that he was not involved in the decision at issue; he was only the "messenger."  (Doc. 20, Ex. 12 at

382.) Defendant "object[ed] to this request on grounds that it is overly broad, vague, seeks information not relevant to the issues in this lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence," it also "object[ed] to this request on grounds that it seeks confidential information regarding third parties." (Doc. 17, Ex. 2 at 12.) However, defendant produced Jones's "electronically maintained personnel records," and, in April 2009, three performance evaluations. (*Id*.; doc. 20 at 17.) It also contends that plaintiff did not specifically request performance evaluations. (*Id*. n. 10.)

The court finds defendant's objections to this request are not well-taken. The request for Jones's personnel file unquestionably encompasses his performance evaluations. Because Jones played a significant part in the facts of this case and will likely be a witness at a trial, his personnel file is discoverable.

Plaintiff's Motion to Compel defendant's response to Request for Production No. 15 is **GRANTED**. Defendant shall produce any responsive documents not previously produced on or before **APRIL 15, 2010**. To the extent it has previously produced responsive documents, defendant shall so inform plaintiff, in writing, with specific reference to the Bates numbers of the responsive documents.

### 4. Request for Production No. 9.

Plaintiff asked defendant to produce, "A copy of any and all personnel files of each and every employee that held the same position as Plaintiff at the location where plaintiff was employed, from January 2004 to present." (Doc. 17, Ex. 2 at 11.) Defendant "object[ed] to

this request on grounds that it is overly broad, seeks confidential information regarding third parties, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence." (*Id*.)  Plaintiff argues that defendant produced only one complete personnel file and this file was produced after depositions had been taken, and that it produced one incomplete personnel file.

Defendant's objections are not sufficient as defendant did not specify how this request for comparators personnel files is overly broad or irrelevant or not reasonably calculated to lead to admissible evidence.  Comparator information is generally an essential element of any claim alleging discrimination.  *See Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1226 (11th Cir. 2008)("The word 'equal' is a relative term that requires a comparator to have meaning.").

Plaintiff's Motion to Compel defendant's response to Request for Production No. 9 is **GRANTED**.  Defendant shall produce all personnel files for any employee at the Roebuck Center that has performed the duties of Center Clerk from September 1, 2001 through May 23, 2008, on or before **APRIL 15, 2010**.  To the extent it has previously produced responsive documents, defendant shall so inform plaintiff, in writing, with specific reference to the Bates numbers of the responsive documents.

### 5.  Interrogatory No. 5.

Plaintiff's Interrogatory No. 5 asks, "Please state the names and titles of the individuals who have responsibility for and control of labor relations or human resource

activities within Defendant's corporation, including the location(s) where Plaintiff was employed." (Doc. 17, Ex. 2 at 5.)  Defendant "object[ed] to this interrogatory on grounds that it is overly broad, vague, not reasonably calculated to lead to the discovery of admissible evidence, [and] seeks information not relevant to the issues in this lawsuit." (*Id*.) Defendant "further object[ed] . . . on grounds that it calls for [defendant] to speculate at its peril as to the information sought." (*Id*.) Defendant eventually provided the names of those employees with responsibility and control of labor and human resources in Alabama.  Plaintiff does not contend that he is entitled to additional information in response to this Interrogatory; he argues only that the information was produced too late.

Defendant's objections to this Interrogatory are insufficient.  *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). Moreover, the Interrogatory is not "vague" and, certainly, would lead to the discovery of admissible evidence.  The court finds that the request for names and titles of each and every employee with any control of labor relations and/or human resources is broad, but defendant, eventually, produced the names of those employees responsible for labor relations and/or human resources in Alabama.  Plaintiff does not contend that this response was insufficient; he only objects that the response, coming months after the answers to the interrogatories were due, is untimely.

10

The court agrees that defendant should have produced this information earlier. However, because plaintiff does not seek to compel the production of additional information, his Motion to Compel defendant to respond to Interrogatory 5 is **DENIED** as **MOOT**.

**6. Interrogatories No. 4, 6, and 7; Request for Production No. 4.**

These interrogatories and the document request ask for information and documents regarding charges, notices, or actions filed with the EEOC,  the courts, or internally since January 1, 2004, which allege disability discrimination or race discrimination.  (Doc. 17, Ex. 2 at 4-5, 10.)  Defendant objected to the three interrogatories and the document request on the grounds that they were vague, over broad, unduly burdensome, irrelevant, not reasonably calculated to lead to admissible evidence, and/or sought confidential third-party information. It also objected on the grounds that the interrogatories and request for production "exceeded the scope of permissible discovery under applicable law."   Defendant produced some information, "information and documents regarding employees in the same employing unit as Plaintiff at the Roebuck facility for the time period of January 1, 2006 to present," (doc. 20 at 13), which plaintiff  does not argue is insufficient or non-responsive.

To the extent that the discovery requests seek company-wide information from defendant, the court finds that the requests are over broad.  The court finds that defendant's production of documents related to plaintiff's employing unit at the Roebuck facility from 2006 to the present is a sufficient response.  Plaintiff's Motion to Compel defendant's response to Interrogatories 4, 6, and 7 and Request for Production number 4 is **DENIED**.

11

**B.  PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPEL DISCOVERY (DOC. 19.)**

Plaintiff filed a Supplemental Motion to Compel Discovery, in which he asks the court to order defendant to produce Roger Burnett's complete file regarding plaintiff and all documents in defendant's litigation folder for an *in camera* inspection to ensure that plaintiff has received all non-privileged documents in Burnett's file.  Defendant contends that it has produced the entire file.  However plaintiff contends that, during his deposition, Burnette testified that his file had less than ten documents; plaintiff contends he has received only two of these documents from defendant.

Plaintiff's Supplemental Motion to Compel defendant to produce all the documents in Burnette's file on the plaintiff is **GRANTED**; his Motion to Compel defendant to produce its litigation folder for *in camera* review is **DENIED**.  Defendant shall produce the entire file Burnette testified he maintains in his desk, together with a detailed privilege log identifying all documents contained in this file that defendant withholds based on privilege, on or before **APRIL 15, 2010**.  To the extent it has previously produced responsive documents, defendant shall so inform plaintiff, in writing, with specific reference to the Bates numbers of the responsive documents.

## C.  PLAINTIFF'S MOTION TO REQUIRE THE DEFENDANT TO CONDUCT A DUE DILIGENCE SEARCH FOR DOCUMENTS

Plaintiff asks the court to order defendant to conduct a due diligence search for responsive documents because he contends that defendant's untimely production of documents indicates that "there are additional documents the Defendant has failed to produce."  (Doc. 17 at 27-28.)

Defendant is required by the Federal Rules of Civil Procedure to make a diligent search for all information responsive to plaintiff's discovery requests. Fed. R. Civ. P. 26(g);[2]

---

[2]Fed. R. Civ. P. 26(g) states:

(1)  Signature Required; Effect of Signature.  Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name . . . and must state the signer's address, e-mail address, and telephone number.  By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

(A)  with respect to a disclosure, it is complete and correct as of the time it is made; and

(B) with respect to a discovery request, response, or objection, it is:

(i)  consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii)  not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii)  neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the

*Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1305 (11th Cir. 2003)("Rule 26 of the Federal Rules of Civil Procedure imposes "an affirmative duty to engage in pretrial discovery in a responsible manner." Fed. R. Civ. P. 26(g) advisory committee's notes ('[T]he signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand.').")

The court declines to order defendant to perform as required by the Rules. However, should subsequent conduct demonstrate that defendant has acted in a dilatory manner in complying with discovery requests, the court will reconsider imposing sanctions upon defendant and/or its counsel in accordance with Fed. R. Civ. P. 28(g)(3).

---

amount in controversy, and the importance of the issues at stake in the action.

(2)  Failure to Sign.  Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

(3)  Sanction for Improper Certification.  If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both.  The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

14

**D. MOTION TO ALLOW PLAINTIFF TO RE-DEPOSE WITNESSES, TO EXTEND THE DISCOVERY DEADLINE FOR THE PLAINTIFF, AND TO EXTEND THE DEADLINE FOR PLAINTIFF TO SUPPLEMENT DISCLOSURES, (doc. 17), and MOTION TO CONTINUE BURNETTE'S DEPOSITION, (doc. 19).**

Plaintiff asks for permission to re-depose four witnesses – Gary Jones, Jerry Frasso, Ron Headley, and Roger Burnett; and for permission to depose an additional nine individuals, plus "any others discovered as a result of additional documents" produced by defendant.  He also asks the court to extend the deadlines for completing discovery and for supplementing his initial disclosures.  The court finds that plaintiff should have taken issue with defendant's objections and lack of production earlier.  However, plaintiff's failure to focus on the discovery in the case does not excuse defendant's failure to reasonably respond to plaintiff's discovery requests.  Therefore, although plaintiff has not been completely non-complicit in the discovery delays in this case, the court finds that he should be given the opportunity to complete his discovery.

Therefore, the Motions to Allow plaintiff to Re-Depose Jones Frasso, Headley, and Burnette are **GRANTED**; however, plaintiff may re-depose these individuals only as to documents produced after or during their original depositions.  Plaintiff's request to require Frasso to appear in Birmingham and to require defendant to pay the costs is **DENIED**.  Plaintiff's Motion for Additional Depositions is **GRANTED**; the court will increase the number of deposition that plaintiff may take to 15.  His Motion to Extend the Discovery Deadline and  the Deadline for Plaintiff to Supplement Disclosures are **GRANTED**; the

15

discovery deadline is **EXTENDED** to **June 18, 2010** and the deadline for plaintiff to supplement his disclosures is **EXTENDED** to **June 4, 2010**.

## E.  PLAINTIFF'S MOTION FOR AWARD OF COSTS AND SANCTIONS

Plaintiff contends that he is due reasonable expenses in relation to his Motions pursuant to Rule 37(a)(5)(A).  Defendant argues that its objections were legitimate and that, without a Motion to Compel, it had no duty under the Rules beyond filing its objections.

While, for the reasons set forth above, the court finds that defendant is mistaken regarding the legitimacy of its objections and its responsibility under the Rules, the court finds that this case in not appropriate for sanctions.  The court's decision to compel certain discovery and to allow plaintiff additional time to complete his desired discovery is sufficiently punitive at this point of the case based on the parties' conduct thus far.

Nevertheless, the court reminds defendant of its obligations regarding complying with plaintiff's discovery requests and this Order.  Failure to comply with the letter and the spirit of the Federal Rules of Civil Procedure in the future may result in sanctions.

## F.  DEFENDANT'S MOTION FOR EXTENSION OF DISPOSITIVE MOTION DEADLINE

Defendant''s Motion for Extension of the Dispositive Motion Deadline is **GRANTED**.  The deadline for filing dispositive motions to **EXTENDED** to **July 19, 2010**.

## G. DEFENDANT'S MOTION TO SEAL CONFIDENTIAL DOCUMENTS FILED AS EXHIBITS TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY  (Doc. 22)

Defendant asks the court to seal plaintiff's Exhibits 13-22 on the ground that such documents are "confidential" under the parties' Protective Order and, thus, were required to be filed under seal.  (Doc. 22 at 1.)  The Eleventh Circuit has held:

> "The operations of the courts and the judicial conduct of judges are matters of utmost public concern," *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839, 98 S. Ct. 1535, 1541, 56 L. Ed. 2d 1 (1978), and "[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process," *Chicago Tribune* [*v. Bridgestone/Firestone, Inc.*], 263 F.3d [1304,] 1311 [(11th Cir. 2001)].  This right "includes the right to inspect and copy public records and documents." *Id*. (citation omitted).  This right of access is not absolute, however.  The right of access does not apply to discovery and, where it does apply, may be overcome by a showing of good cause.
>
> Because "[t]he prospect of all discovery material being presumptively subject to the right of access would likely lead to an increased resistance to discovery requests," we have recognized an exception to the public right of access.  *Id*. at 1312 n. 10.  "[D]ocuments filed in connection with motions to compel discovery are not subject to the common-law right of access," *id*. at 1312-13, but "material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right," *id*. at 1312.  We have explained that the need for public access to discovery is low because discovery is "essentially a private process . . . the sole purpose [of which] is to assist trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986).

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007).

Because these documents are "not subject to the common-law right of access," defendant's Motion to Seal, (doc. 22), is **GRANTED**.

17

**DONE**, this 31st day of March, 2010.

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE